*516 OPINION of the Court, by
Judge Owsley.
This is an ejectment brought by Coleman to recover a lot of ground in the town of Cynthiana, the title to which he claims under a patent which issued from the commonwealth of Virginia to John Miltan, in 1T86.
Casey appears to have been the tenant in possession; and after he was admitted a defendant, upon the motion *517 of liis counsel, Harrison was also made, a defendant; and it is now contended that because Harrison was improperly made a defendant,, the judgment obtained against Coleman upon the merits, should be set aside.
Whether it was strictly regular to associate the name of Harrison as a defendant with Casey, we have not thought it material to inquire ; for if it were not regular, we are unable to perceive any injury to which Coleman from that circumstance can he exposed : mu' do we suppose for-that cause the judgment, should be reversed.
On the trial in the*court below, the defendants, for the purpose of showing that Milton, the patentee, had no title when Coleman obtained bis conveyance, introduced a power of attorney from Milton to Robert Rankin, executed in i793< and a deed of conveyance executed in pursuance thereof to John Haggin ; and the court being of opinion the certificate of the mayor of Winchester, in the state of Virginia, of Milton, the.¿grantor, having signed, sealed and acknowledged the same, together with the seal of the mayoralty thereunto annexed, was a sufficient authentication, admitted the, power to he used as evidence, without other evidence of its exetion.
Whether the authentication be considered in relation either to the statute of Virginia of 1785, or that of thjs‘ country of 1792, it cannot have authorised the using of the power in evidence.
By the act of 1785, the bare attestation of the mayor and seal of mayoralty, without any testimonial from the proper officer of the city or other place where the may- or resides, or the great seal of the state, cannot warrant the introduction of five power as evidence: and as Milton, the grantor, lived in Virginia, according to the act of 1792, (1 Litt. 152) the power should have been acknowledged in the court where he resided, and certified by the clerk to have been recorded in his office, together with the state or county seal affixed thereto,tind recorded in some superior or county court in this state.
Because, therefore, the power was improperly used as evidence, the judgment must be reversed. But as the cause must be remanded for a new trial in the court below, it may be remarked that we have not thought it material to decide the other purls made in the argument.
*518 A decision upon those points may not, and probably* will not, become material in the present contest, if, as no doubt it is competent to do, the due execution of the power be proven on the trial, by the introduction of pa» rol evidence ; or if the authentication of the power be now mad? to conform to the requisitions of the law.
The judgment must be reversed with costs, the cause remanded, and further proceedings had not inconsistent with this opinion.